**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00549-MSK-CBS

DEREK ISAAC ALLMON,

    Plaintiff,

v.

BUREAU OF PRISONS,
HARLEY LAPPIN,
BLAKE DAVIS,
DEBORAH LOCKE,
R. KRIST, and
DIANA KRIST,

    Defendants.

___

**PROTECTIVE ORDER**

___

    Pursuant to Fed. R. Civ. P. 26(c), and upon a showing of good cause in support of the entry of this Protective Order to protect sensitive information that could jeopardize the safety of persons not parties to this litigation, IT IS HEREBY ORDERED:

    1.    Plaintiff's claims in this case are premised on actions that Defendants allegedly took in response to a letter that Plaintiff mailed to two of his sons in November 2009 ("Letter"). This Protective Order applies to the Letter, any information contained in the Letter, and any and all other documents referencing information contained in the Letter.

    2.    The Letter contains extremely sensitive information concerning persons who are not parties this case. That information, if disseminated other than as prescribed

in this Protective Order, could pose dangers to those persons who are not parties to this litigation.

3. Upon entry of this Protective Order, and upon receipt of the signed acknowledgment form attached hereto as Exhibit A, counsel for Defendants shall provide the Letter to Dennis Hartley, Esq. The Letter shall be marked as "**CONFIDENTIAL - FOR REVIEW BY DENNIS HARTLEY ONLY - NOT FOR FURTHER DISSEMINATION**." The marking shall be in red ink.

4. Given the sensitivity of the information contained in the Letter, Mr. Hartley shall take reasonable steps to limit the number of copies of the Letter that he generates, as well as the number of documents that reference information contained in the Letter. Such copies and other documents shall be marked by Mr. Hartley as "**CONFIDENTIAL - FOR REVIEW BY DENNIS HARTLEY ONLY - NOT FOR FURTHER DISSEMINATION**." The marking shall be in red ink.

5. Mr. Hartley shall not further disseminate the Letter, any information contained in the Letter, or any and all other documents referencing information contained in the Letter to **Plaintiff or to any other person or entity**, except as otherwise permitted by this Protective Order.

6. Counsel for the parties may disseminate information covered by this Protective Order as follows: (a) to the Court, in accordance with the terms of paragraph 7, below, and (b) to stenographic reporters who are retained to record deposition testimony, in accordance with the terms of paragraph 8, below.

7.      The Letter shall not be made a part of any public filing with the Court, it being understood that the Court has previously been provided a copy of the Letter for *in camera* review. *See* Doc. 89 at 2 (granting Defendants' Motion for Leave to Submit Document for *In Camera* Review). No party shall include or discuss in any public filing any information contained in the Letter that in any way identifies any person not a party to this litigation, including by name, address, location or in any other manner, or that reflects sensitive personal information concerning any person not a party to this litigation.

8.      If it is necessary in any deposition that may be taken in this case to reference the Letter, any information contained in the Letter, or any other documents referencing information contained in the Letter, counsel for the parties shall ensure that stenographic reporters execute the acknowledgment form attached hereto as Exhibit B, verifying that the reporters have read and agree to be bound by the terms of this Protective Order. The deposition or relevant portions thereof shall be designated as "**CONFIDENTIAL - FOR DISSEMINATION IN ACCORDANCE WITH TERMS OF PROTECTIVE ORDER ONLY**." The marking shall be in red ink. Such designation shall be made on the record during the deposition whenever possible, but counsel for Defendants may designate a deposition or portions thereof as "**CONFIDENTIAL - FOR DISSEMINATION IN ACCORDANCE WITH TERMS OF PROTECTIVE ORDER ONLY**," after transcription, provided written notice of the designation is promptly given to Mr. Hartley within thirty (30) days after notice by the court reporter of the completion of the transcript. Counsel for the parties shall verify that

the information is appropriately marked in the deposition transcript produced by the court reporter.  The marking shall be in red ink.  For purposes of any public filing in this case, information marked as confidential pursuant to this paragraph shall be treated in accordance with the terms of paragraph 7, above.  The dissemination of any information marked as confidential pursuant to this paragraph shall be limited as set forth in this Protective Order, including, but not limited to, paragraph 5, above.

        9.     Within thirty (30) days after the final termination of this litigation, or when Mr. Hartley is no longer assigned or retained to work on this case, he shall either return the Letter, any copies of the Letter, and any documents with information contained in the Letter to counsel for Defendants, or destroy all such documents.  Mr. Hartley shall provide, within sixty (60) days after the final termination of this litigation, or within sixty (60) days of when he is no longer assigned or retained to work on this case, a written certification to counsel for Defendants affirming that the Letter, any copies of the Letter, and any documents with information contained in the Letter have been destroyed or returned to counsel for Defendants.

        10.    Within thirty (30) days after the final termination of this litigation, counsel for any party that hired a stenographic reporter for a deposition in which information was designated as confidential pursuant to paragraph 8 of this Protective Order shall give notice to the stenographic reporter that the litigation is terminated.  The reporter shall return any document, materials and/or information subject to this Protective Order to counsel for Defendants.

  11. The protections granted by this Protective Order shall not be waived.

  12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

  DATED this  3rd  day of   August          , 2012.

              BY THE COURT:

              _____
              United States Magistrate Judge

# Attachment A

# Acknowledgment Form for
# Protective Order for Dennis Hartley, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00549-MSK-CBS

DEREK ISAAC ALLMON,

     Plaintiff,

v.

BUREAU OF PRISONS,
HARLEY LAPPIN,
BLAKE DAVIS,
DEBORAH LOCKE,
R. KRIST, and
DIANA KRIST,

     Defendants.

_____

**ACKNOWLEDGMENT FORM FOR PROTECTIVE ORDER
FOR DENNIS HARTLEY, ESQ.**

_____

     I, _____, acknowledge that I have read and understand the Protective Order ("Order") in this action. I agree to be bound by its terms.

     1.    I will use the November 2009 Letter that is the subject of this Order ("Letter"), any information contained in the Letter, and any and all other documents referencing information contained in the Letter, only for purposes of this litigation and not for any other purpose. I will not disclose the Letter, information contained in the Letter, and any and all other documents referencing information contained in the Letter to Plaintiff or to any other person or entity, except to the following: (a) the Court, in accordance with paragraph 7 of the Order, and (b) stenographic reporters, in accordance with paragraph 8 of the Order.

     2.    I agree that the Letter, as well as any information contained in the Letter, and any and all other documents referencing information contained in the Letter may not

be disclosed to Plaintiff under any circumstances.

   3. Within thirty (30) days after the final termination of this litigation, or when I am no longer assigned or retained to work on this case, I will either return the Letter, any copies of the Letter, and any and all documents referencing information contained in the Letter to counsel for Defendants, or I will destroy such documents. I will provide, within sixty (60) days after the final termination of this litigation, or when I am no longer assigned or retained to work on this case, a written certification to counsel for Defendants affirming that the Letter, any copies of the Letter, and any and all other documents referencing information contained in the Letter have been destroyed or returned to counsel for Defendants.

   4. Within sixty (60) days after the final termination of this litigation, or when I am no longer assigned or retained to work on this case, I will provide a written certification to counsel for Defendants affirming that all electronic media in my possession containing artifacts of information subject to the Order have been sanitized or destroyed, such that the information is irretrievable.

   5. My duties herein shall survive the final termination of this case and are binding upon me for all time. I consent to the personal jurisdiction of the Court for the purpose of enforcing the aforementioned Order.

Dated: _____    _____
                [signature]

                _____
                [print name]

# Attachment B

# Acknowledgment Form for Protective Order
# for Stenographic Reporters

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00549-MSK-CBS

DEREK ISAAC ALLMON,

      Plaintiff,

v.

BUREAU OF PRISONS,
HARLEY LAPPIN,
BLAKE DAVIS,
DEBORAH LOCKE,
R. KRIST, and
DIANA KRIST,

      Defendants.

_____

**ACKNOWLEDGMENT FORM FOR PROTECTIVE ORDER FOR
STENOGRAPHIC REPORTERS**

_____

      I, _____, acknowledge that I have read and understand the Protective Order ("Order") in this case. I agree to be bound by its terms.

      1.    I will use documents, materials and/or information designated as subject to the Order only for purposes of this litigation and not for any other purpose. I will not disclose any such documents, materials and/or information except to the following: Dennis Hartley, counsel for Plaintiff, and Susan Prose, or any other attorney from the United States Attorney's Office of the District of Colorado who may serve as counsel for Defendants, in accordance with the terms of the Order. I agree not to disclose any such documents, materials and/or information to Plaintiff under any circumstances.

      2.    Upon notification of the final termination of this litigation, I will return any documents, materials and/or information subject to the Order to counsel for Defendants.

2

3. I will provide, within sixty (60) days after notification of the final termination of this litigation, a written certification to counsel for Defendants affirming that documents, materials and/or information subject to the Order have been returned to counsel for Defendants.

4. Within sixty (60) days after notification of the final termination of this litigation, I will provide a written certification to counsel for Defendants affirming that all electronic media in my possession containing artifacts of information subject to the Order have been sanitized or destroyed such that the information is irretrievable.

5. My duties herein shall survive the termination of this case and are binding upon me for all time. I consent to the personal jurisdiction of the Court for the purpose of enforcing the aforementioned Order.

Dated: _____   _____
                                [signature]


                                _____
                                [print name]