**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 11-cv-00549-RM-CBS

DEREK ISAAC ALLMON,

      Plaintiff,

v.

BUREAU OF PRISONS;
BLAKE DAVIS;
DEBORAH LOCKE;
DIANA KRIST; and
R. KRIST,

      Defendants.

---

## ORDER

---

    This matter is before the Court on the Motion to Dismiss Plaintiff's Second Amended

Complaint (ECF No. 131) filed by Defendants the Federal Bureau of Prisons ("BOP") and Blake

Davis, Deborah Locke, R. Krist and Diana Krist.

    For the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

## I.    LEGAL STANDARD

    Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2).  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must

be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id.* at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted).  The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id.*  (Internal quotation and citation omitted.)  Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact

pleading, which is expressly rejected, and allowing complaints that are no more than labels and

conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme

C]ourt stated will not do.'"  *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must

accept all well-pled factual allegations in the complaint as true and resolve all

reasonable inferences in a plaintiff's favor.  *Morse v. Regents of the Univ. of Colo.*,

154 F.3d 1124, 1126-27 (10th Cir. 1998); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir.

1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court

must accept as true all of the allegations contained in a complaint is inapplicable to [those]

conclusions. . . ." *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678) (brackets in

original).  "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will

disregard conclusory statements and look only to whether the remaining, factual allegations

plausibly suggest the defendant is liable."  *Id* at 1191.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiff, an inmate at the BOP Administrative Maximum Facility in Florence, Colorado

("ADX"), has filed a second amended complaint (ECF No. 130, the "Complaint") against the

Defendants alleging various Constitutional violations and seeks recovery under *Bivens v. Six*

*Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Specifically,

Plaintiff alleges that, in violation of his First Amendment and due process rights, Defendants had

been sending copies of all of Plaintiff's correspondence to Assistant U.S. Attorney Paula J.

Duke.  Plaintiff further alleges that Defendants violated Plaintiff's equal protection rights under

the Fifth Amendment by moving Plaintiff to a different cell in the ADX Special Housing Unit

("SHU"), where he was already confined, and placing sandbags in front of his cell for more than

two months for the supposed purpose of restricting Plaintiff's ability to mail letters or have other

inmates mail letters on his behalf. Plaintiff alleges that, during this time, "his legal material,

stamps, writing materials, showers, and medical assistance was denied or restricted . . .

preventing him from receiving periodic blood sugar tests" to treat his diabetes.  (ECF No. 130 at

¶ 14.)

    Defendants took the above described actions in an attempt to carry out a court order

directing that Plaintiff's communications be strictly limited.  On June 19, 2006, U.S. District

Court Judge William R. Wilson for the Eastern District of Arkansas entered an order (the "June

2006 Order") restricting Plaintiff's communications to a specified list of individuals and further

provided that "all communications, either incoming or outgoing, that is not legal correspondence

to counsel of record, should be copied by the [BOP] and sent to the United States Attorney for

the Eastern District of Arkansas."  (ECF No. 131-1 at 2.)  That order was subsequently amended

in March, 2008, to allow Plaintiff to communicate with his daughter and brother. On November

3, 2009, Plaintiff mailed a letter to his two sons "that was derogatory in nature against Assistant

U.S. Attorney Paula J. Duke and BOP staff." (ECF No. 130 at ¶ 4.) Pursuant to the June 2006

Order, that letter was forwarded to Duke, and eventually made its way to Judge Wilson. Upon

determining that the letter contained "true threats" to the individuals described in that letter,

Judge Willson entered an additional order *sua sponte* on March 15, 2010, (the "March 2010

Order") further limiting Plaintiff's ability to correspond with people outside prison, ordering that

Plaintiff could only communicate, via mail or phone, with his counsel of record. *U.S. v. Allmon*,

No. 4:04-CR-00169-01-WRW, 2010 WL 936560, at *1 (E.D. Ark. Mar. 15, 2010), order vacated

4

by *U.S. v. Allmon*, 702 F.3d 1034 (8th Cir. 2012). In December 2012, the Eighth Circuit vacated

the additional restrictions imposed by the March 2010 Order, finding that the district court could

impose communications restrictions under 18 U.S.C. § 3582(d) only upon a motion by the

Government or BOP, not *sua sponte* as Judge Wilson acted in issuing the March 2010 Order.

*Allmon*, 702 F.3d at 1037.[1]

Plaintiff alleges that on January 25, 2010, in an effort to keep Plaintiff from mailing

further letters, "Plaintiff was isolated by placing him in a cell on Range 13 of the SHU [where]

his legal material, stamps, writing materials, showers, and medical assistance was denied or

restricted, and in addition, Defendants Locke, Davis, Krist and Krist had the Plaintiff's cell door

sandbagged, preventing him from receiving periodic blood sugar tests (Plaintiff is a diabetic) and

other medical needs . . . ." (ECF No. 130, at ¶ 14.) Plaintiff alleges the sandbags were not

removed from the front of his cell until April 13, 2010. (*Id.* at ¶20.) Plaintiff alleges that from

his discussions with other inmates and correctional officers, "no one has been able to cite another

instance where a prisoner's cell has been sandbagged to prevent communication with the outside

world." (*Id.* at ¶ 18.)

Plaintiff filed his initial complaint in the present action on March 30, 2011 and an

amended complaint on September 22, 2011. That amended complaint was dismissed without

prejudice by U.S. District Court Judge Marcia S. Krieger. (ECF No. 126, the "Previous Order.")

In Judge Krieger's Previous Order, she determined that Plaintiff's prior complaint asserted three

claims for relief under *Bivens*: First Amendment retaliation, denial of due process and denial of

---

[1] Each of the above described orders are incorporated by reference into Plaintiff's Complaint, and thus may be considered by the Court in ruling on Defendants' Rule 12(b)(6) motion. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court is also able to consider these orders because they are documents for which the Court is able to take judicial notice. *Tellabs, Inc.*, 551 U.S. at 322; Fed. R. Evid. 201(d).

equal protection as guaranteed by the Fifth Amendment.  Dismissing all of these claims, the

Previous Order granted Plaintiff permission to "file a Second Amended Complaint that alleges

*only* the equal protection claim." (*Id.* at 15) (emphasis added).  Despite the limitations imposed

by the Previous Order, Plaintiff's latest Complaint alleges causes of action under the First

Amendment, due process and equal protection under the Fifth Amendment.  The Complaint

further adds the BOP as a new defendant.

## III.   ANALYSIS

### A.   Non-Equal Protection Claims

The Previous Order explicitly limited its grant of Plaintiff's permission to file an

amended complaint, only allowing Plaintiff to bring an equal protection claim under the Fifth

Amendment.  (ECF No. 126 at 15.)  However, Plaintiff's Complaint asserts additional

Constitutional claims beyond what the Previous Order permitted, including alleged violations of

Plaintiff's First Amendment rights (ECF No. 130 at ¶3) and what could also be characterized as

an alleged procedural due process claim.  (*Id.* at ¶ 13.)  Specifically, Plaintiff alleges his First

Amendment rights were violated as a result of "all his mail . . . being shipped to AUSA Paula J.

Duke . . . ." (*Id.* at ¶ 6; *see also Id.* at ¶¶ 3, 13, 19.)  A forgiving reader seeking to assign legal

claims to Plaintiff's allegations might also conclude that Plaintiff asserts a due process claim by

alleging that "[n]o hearing and no notice was ever received by the Plaintiff to allow him to

challenge the authority of AUSA Duke and other Defendants to confiscate his mail and forward

that mail to Duke." (*Id.* at ¶ 13, *see also Id.* at ¶ 19.)  Plaintiff includes these claims in his

Complaint without providing any basis or justification for disregarding the limitations imposed

by the Previous Order.  Because the Previous Order explicitly limited Plaintiff's Complaint to

include an equal protection claim, and *only* an equal protection claim, his other claims are dismissed as filed in violation of that order.  (ECF No. 126 at 15.)[2]

### B.    Equal Protection Claim

Defendants argue that Plaintiff's equal protection claim should be dismissed on several grounds.  First, Defendants argue Plaintiff has alleged no facts plausibly showing that there is even one inmate who is "similarly situated" to him who was treated differently by Defendants. Second, Defendants argue that Plaintiff has not alleged facts plausibly showing that any purported difference in treatment was not reasonably related to a legitimate penological interest. Third, the individual Defendants argue that they would all be entitled to qualified immunity and that Davis and Locke would be entitled to absolute immunity.  The Court agrees that Plaintiff has not alleged the existence of any similarly situated inmates who received different treatment from that received by Plaintiff and therefore dismisses Plaintiff's equal protection claim.

Although equal protection jurisprudence often focuses on governmental classifications affecting certain groups of citizens differently than others, an equal protection claim can sometimes be sustained where the plaintiff claims to have been unfairly treated as a so-called "class of one."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  "The 'paradigmatic' class-of-one [equal protection] case arises when 'a public official inflicts a cost or burden on one person without imposing it on those who are similarly situated in material respects, and does so without any conceivable basis other than a wholly illegitimate motive.'"  *Meredith v. Bd. of Cnty. Comm'rs of Sheriden Cnty.*, No. 14-8026, --- Fed.App'x. ----, 2015 WL 1505967, at *2

---

[2] Plaintiff appears to make an oblique reference to the Eighth Amendment in his response to Defendants' motion to dismiss.  (ECF No. 141 at ¶¶ 3-4.)  However, the Complaint makes no reference to the Eighth Amendment (*see* ECF No. 130 at ¶ 3) and, even if it had, an Eight Amendment claim would run afoul of the clear limitations set forth in the Previous Order and would therefore be dismissed.  (ECF No. 126 at 15.)

(10th Cir. Apr. 3, 2015) (quoting *Jicarilla Apache Nation v. Rio Arriba Cnty.*, 440 F.3d 1202,

1209 (10th Cir. 2006)).  "A[n equal protection] claim fails if there is 'either a rational basis for

the [challenged] treatment' or 'a material difference' between the plaintiff and others who were

allegedly similarly situated." *Id.*  (quoting *Jicarilla Apache Nation*, 440 F.3d at 1210) (second

brackets in original); *see also Deberry v. Davis*, 460 F. App'x 796, 801 (10th Cir. 2012)

(affirming dismissal of equal protection claim where no similarly situated inmate was alleged,

thus failing to carry plaintiff's burden "even at the more generous motion-to-dismiss stage");

*Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006) (affirming dismissal of equal protection

claim: "it is not plausible that 'there are no relevant differences between [plaintiff] and other

inmates that reasonably might account for their different treatment") (quoting *Templeman v.*

*Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (affirming dismissal of equal protection claim:

"[plaintiff's] claim that there are no relevant differences between him and other inmates that

reasonably might account for their different treatment is not plausible or arguable")).

In the Complaint, the only allegation Plaintiff makes with respect to the situation of other

inmates is that he "has been able to talk with other inmates, as well as other correctional officers,

and no one has been able to cite another instance where a prisoner[']s cell has been sandbagged

to prevent communication with the outside world."  (ECF No. 130 at ¶ 18.)  While this statement

could be read to show an *absence* of inmates being subject to *similar treatment* (i.e. having their

cell door sandbagged), this does nothing to establish the *existence* of any *similarly situated*

*inmates* who were treated differently.  Plaintiff has not offered any other allegations that would

show that any similarly situated inmates existed that were treated dissimilarly and "does not even

attempt to do so."  *Meredith*, 2015 WL 1505967, at *2.  What allegations Plaintiff does offer are

conclusory, unsupported by allegations of fact and therefore insufficient to sustain a cause of action under Rule 12(b)(6). *Ashcroft*, 556 U.S. at 678; *Bell Atl. Corp.*, 550 U.S. at 570; *Deberry*, 460 F. App'x at 801.

In this case, it is doubtful Plaintiff could find a similarly situated inmate, as his background of attempting to use the mail and other means to communicate with others in furtherance of crimes is uniquely colorful and well documented. *See, e.g.*, *U.S. v. Allmon*, 594 F.3d 981, 983-84 (8th Cir. 2010) (noting that, after he was indicted, Plaintiff directed his confederates to murder a government witness); *Allmon v. Fed. Bureau of Prisons*, 605 F.Supp.2d 1, 2 (D.D.C. 2009) (discussing Plaintiff's orchestration from prison of the attempted killing of a witness); *U.S. v. Allmon*, 500 F.3d 800, 806 (8th Cir. 2007) (government witness against Plaintiff was shot in the neck and torso by masked assailants). But such speculation is unnecessary. Because Plaintiff does not allege any similarly situated inmates, his equal protection claim is dismissed.[3]

## IV.   CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 131.)  The Clerk of the Court is directed to enter JUDGMENT in Defendants' favor.

---

[3] With respect to Defendants' argument that immunity applies, having found that no constitutional violation has been sufficiently alleged, qualified immunity would apply as to all of the individual Defendants' actions. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (In resolving a government official's qualified immunity claim, a court must "determine first whether the plaintiff has alleged a deprivation of a constitutional right at all.") (citations omitted); *Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004) (same).

Dated this 6th day of May, 2015

BY THE COURT:

RAYMOND P. MOORE
United States District Judge